**Case No. 25-1138**

# United States Court of Appeals for the Federal Circuit

ALEXSAM, INC.,
*Plaintiff-Appellee,*
v.

SIMON PROPERTY GROUP (TEXAS), L.P.,
*Defendant-Cross-Appellant,*

BLACKHAWK NETWORK, INC. U.S. Bank NA,
*Defendants-Appellees*

US BANK NA*,*
*Defendant*

Appeal from the United States District Court for the Eastern District of Texas in No. 2:19-cv-00331-ALM-RSP, Chief Judge Amos L. Mazzant

**[CORRECTED] BRIEF OF PLAINTIFF-APPELLEE ALEXSAM, INC.**


Jacqueline K. Burt
Heninger Garrison Davis LLC
2727 Paces Ferry Rd. SW, Suite 750
Atlanta, GA 30339
Email: jburt@hgdlawfirm.com
Phone: 404-996-0861

*Attorney for Plaintiff-Appellee, AlexSam, Inc.*

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 25-1138

**Short Case Caption** AlexSam, Inc. v. Simon Property Group (Texas), L.P. et al.

**Filing Party/Entity** AlexSam, Inc.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/18/2025

Signature: /s/ Jacqueline K. Burt

Name: Jacqueline K. Burt

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| AlexSam, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Bartholomew Philip Dalton<br>Barozynski & Dalton PC | Kelly B. Tidwell<br>Patton Tidwell & Culbertson, LLP | William Cornelius, Jr.<br>Wilson Robertson & Cornelius PC |
| Geoffrey Patton Culbertson<br>Patton Tidwell & Culbertson, LLP | Travis E. Lynch<br>Heninger Garrison Davis, LLC | Mark R. Ekonen<br>Heninger Garrison Davis, LLC |
| Katarzyna Brozynksi<br>Barozynski & Dalton PC | Jonathan R. Miller<br>Heninger Garrison Davis, LLC | Chris Hood<br>Heninger Garrison Davis, LLC |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## TABLE OF CONTENTS

STATEMENT OF RELATED CASES ............................................................ 1

STATEMENT OF THE ISSUE ............................................................ 2

STATEMENT OF THE CASE ............................................................ 3

SUMMARY OF ARGUMENT ............................................................ 4

STANDARD OF REVIEW ............................................................ 4

ARGUMENT ............................................................ 6

CONCLUSION AND STATEMENT OF RELIEF SOUGHT ......................... 8

## TABLE OF AUTHORITIES

**Cases**

*Quintero v. Texas*,

2023 U.S. App. LEXIS 21302 (5th Cir. Aug. 15, 2023) ....................................... 5

*Exxon Shipping Co. v. Baker*,

554 U.S. 471 (2008) ....................................................................................... 5

*Gen. Universal Sys. v. Lee*,

379 F.3d 131(5th Cir. 2004) .......................................................................... 5

*Lewis v. Crochet*,

105 F.4th 272 (5th Cir. 2024) ........................................................................ 5

*Piotrowski v. United States*,

2015 U.S. Claims LEXIS 405 (Fed. Cl. Apr. 10, 2015) ................................... 6, 7

*Quibodeaux v. Nautilus Ins. Co.*,

655 F. App'x 984 (5th Cir. 2016) .................................................................... 4

*United States v. Ruiz*,

2019 U.S. Dist. LEXIS 16448 (E.D. Tex. Jan. 8, 2019) .................................... 8

*Tinnus Enters., LLC v. Telebrands Corp.*,

846 F.3d 1190 (Fed. Cir. 2017) ....................................................................... 5

*United States v. Kellogg (In re W. Tex. Mktg. Corp.)*,

12 F.3d 497 (5th Cir. 1994) ............................................................................ 6

## STATEMENT OF RELATED CASES

The related appeal *AlexSam, Inc. v. Simon Property Group, L.P.*, C.A. No. 25-1137, was previously before this Court, but was dismissed on March 3, 2025, by Circuit Judges Taranto, Stoll, and Stark. *See* C.A. No. 25-1137 (March 3, 2025), Dkt. 43 at 4 (acknowledging "the district court's non-final order as to the sanctions and fees motions" and dismissing the appeal for lack of jurisdiction) (published at 2025 U.S. App. LEXIS 4827). The related appeal *AlexSam, Inc. v. Simon Property Group, L.P., Blackhawk Network, Inc.*, C.A. No. 22-1598, was heard by this Court and decided April 1, 2024, by Circuit Judges Prost, Taranto, and Hughes, and published at 2024 U.S. App. LEXIS 7588 (with panel rehearing and rehearing *en banc* denied June 6, 2024, and sanctions denied June 14, 2024).

Counsel is unaware of any case pending here or in any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal other than the underlying district court case from which this appeal is taken.

## STATEMENT OF THE ISSUE

Whether the Amended Final Judgment, which states, "All counterclaims or other claims and motions by any party not previously ruled on are hereby **DENIED-AS-MOOT**," should be disturbed to reinstate indemnity claims of Appellant Simon Property Group, L.P., ("Simon") against Appellee Blackhawk Network, Inc. ("Blackhawk").

## STATEMENT OF THE CASE

1. On June 17, 2020, in the District Court, Simon filed a third-party complaint against Blackhawk for "breach of contract and declaratory relief arising out of Blackhawk's breach of its obligations to defend and indemnify" Simon. Appx00264.

2. On September 19, 2022, Simon moved under Rules 59 and 60 of the Federal Rules of Civil Procedure to have the Amended Final Judgment clarified or amended to state that its third-party indemnity claims against Blackhawk "remain pending." Appx01984-01992 (Dkt. 482), Appx0003 (citing Dkt. 482).

3. The Amended Final Judgment was issued on August 22, 2022 (Appx0002), and it adopted without objection the Report and Recommendation ("R&R") issued on July 14, 2022. Appx0001, Appx01965-01969. No party objected to the R&R. Appx0001.

4. The Amended Final Judgment and R&R it adopted state the same thing, which is that all counterclaims or other claims and motions by any party not previously ruled on are denied as moot. Appx0001-0002, Appx01969.

5. On September 24, 2022, the District Court denied Simon's motion to have the Amended Final Judgment clarified or amended so its third-party indemnity claims and summary judgment motion for indemnity against Blackhawk would remain pending. The District Court did so based on a R&R to which Simon objected.

Appx00007-00009.

6. Simon appeals from the Amended Final Judgment and the denial of its motion for relief under Rules 59 and 60. Simon Opening Brief at 2.

## SUMMARY OF ARGUMENT

The District Court, in the Amended Final Judgment, did not plainly err by denying as moot all claims and motions by any party not previously ruled on, which included Simon's indemnity claims and motions addressing them.[1] The District Court did not plainly err by denying Simon relief on its motion to clarify or amend the Amended Final Judgment. Accordingly, there is no ground for disturbing the Amended Final Judgment.

## STANDARD OF REVIEW

The orders Simon appeals from are reviewed for plain error. "We review for plain error when a party is served with notice of the consequences of failing to object to a magistrate's report and recommendation but nonetheless does not object to the magistrate judge's findings of fact, conclusions of law, or recommendation to the district court." *Quibodeaux v. Nautilus Ins. Co.*, 655 F. App'x 984, 988 (5th Cir. 2016) (internal quotation marks omitted). *Accord Quintero v. Texas*, 2023 U.S. App.

[1] According to Simon, those motions are its motion for summary judgment on the indemnity claims and Blackhawk's motion to dismiss the claims. Simon Opening Brief at 5. According to the docket sheet, the summary judgment motion is Appx00053 at Dkt. 306 (sealed), and the motion to dismiss is Appx00030 at Dkt. 55 (sealed).

LEXIS 21302, at *2 (5th Cir. Aug. 15, 2023); *see also Tinnus Enters., LLC v. Telebrands Corp.*, 846 F.3d 1190, 1202-1203, 1205 (Fed. Cir. 2017) (applying Fifth Circuit law and plain error review to issue not unique to patent law, specifically preliminary injunction).

Rules 59 and 60 do not entitle Simon to a more favorable standard of review, because (1) Simon moved under those rules to clarify or amend the Amended Final Judgment[2] after the Amended Final Judgment adopted the R&R without objection, and (2) Rules 59 and 60 do not allow the issue to be revived and relitigated. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") (quoting 11 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 2810.1, pp 127-128 (2d ed. 1995)); *Lewis v. Crochet*, 105 F.4th 272, 279 (5th Cir. 2024) (noting the "Fifth Circuit's prohibition on using a Rule 59(e) motion to relitigate old matters and raise issues that could, and should, have been made before [a ruling was] issued.") (brackets in original, internal quotation marks omitted); *Gen. Universal Sys. v. Lee*, 379 F.3d 131, 156-57 (5th Cir. 2004)

[2] The motion cites Rule 60(a). Appx01991-01992. Simon, at DCT Dkt. 555 at 2, described the motion as being brought under Rule 59(e). DCT Dkt. 555 is Simon's reply in support of its Rule 54(b) motion, which it noticed to this Court at Dkt. 2 in this appeal. The District Court subsequently denied the Rule 54(b) motion. *See* C.A. Case No. 25-1137 (January 31, 2025), Dkt. 40 at 2 (notice of the denial).

(addressing Rule 60(b) motion); *United States v. Kellogg (In re W. Tex. Mktg. Corp.)*, 12 F.3d 497, 504 (5th Cir. 1994) ("[T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule."); *see also Piotrowski v. United States*, 2015 U.S. Claims LEXIS 405, at *9 (Fed. Cl. Apr. 10, 2015) ("A motion under Rule 60 is not available simply to relitigate a case—it is an avenue to secure 'extraordinary relief . . . which may be granted only in exceptional circumstances.'" (quoting *Wagstaff v. United States*, 595 F. App'x 975, 978-979 (Fed. Cir. 2014)).

## ARGUMENT

The Amended Final Judgment adopts the Magistrate's Report and Recommendation ("R&R"), and the two say the same thing, which is *all* motions, claims, and counterclaims not previously ruled on are denied as moot. Appx0001-0002, Appx01969. Simon's indemnity claims and the motions addressing them were pending before the R&R and had not been ruled on (*see* Appx00264), unlike Simon's third-party claim against Amex, which the District Court had previously ruled on. Appx01203, 01209 (ruling on motion to dismiss or stay that claim). That third-party claim against Amex was disposed of after the Amended Final Judgment. Appx02002.

In words that are plain enough, literal, and indiscriminate, the Amended Final Judgment states, "All counterclaims or other claims and motions by any party not previously ruled on are hereby **DENIED-AS-MOOT**." Appx0001 (original emphasis). Those words are adopted verbatim from the R&R. Appx01969. The words are notice to Simon that, if the R&R was adopted, its indemnity claims and motion on it (for summary judgment) would be denied as moot, because they had not been "previously ruled on." *No claim or motion could remain live unless* "previously ruled on." *No party objected*. Appx0001.The only claim *not* denied as moot, *i.e.*, which remained live, was Simon's third-party claim against Amex, as shown above. The fact that the District Court disposed of that claim against Amex by separate order *after* the Amended Final Judgment supports AlexSam's reading of the Amended Final Judgment and its effect. There is no disputing that.

Simon chose not to object to the R&R (Appx0001). It should have, or so the District Court indicated. *See* Appx0007 ("The Court agrees with Blackhawk to the limited extent that Simon should have objected at the time of that report if it believed the report needed to explicitly address the third-party claims or that the report's recommendation would result in an improper amendment to the final judgment."). Because Simon did not object, it is not entitled to *de novo* review of the Amended Final Judgment or review on appeal other than for plain error. *See* Appx01969. It was warned of those consequences (*id.*), and they are prescribed by precedent. *See*

*United States v. Ruiz*, 2019 U.S. Dist. LEXIS 16448, at *4-5 (E.D. Tex. Jan. 8, 2019) (citing D*ouglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (*superseded by statute on other grounds*)). Therefore, Simon must show—but has failed to do so—that plain error warrants re-opening and revising (or amending to clarify) the Amended Final Judgment to reinstate its indemnity claims and motion for summary judgment against Blackhawk. Its appeal is unavailing: it has not met its burden.

## CONCLUSION AND STATEMENT OF RELIEF SOUGHT

This Court should find that the District Court, in the Amended Final Judgment, did not plainly err by denying as moot all claims and motions by any party not previously ruled on. It should hold that the Amended Final Judgment should not be disturbed, so no relief is due Simon on this appeal. It also should recognize AlexSam's stake in this outcome, which is this: AlexSam contends that Blackhawk's and Simon's sanctions and fees motions against it were denied as moot by the Amended Final Judgment. It has argued that all along, both to this Court and to the District Court, based on the plain, literal, and indiscriminate words of the Amended Final Judgment (as quoted above). *See* C.A. No. 25-1137 (December 6, 2024), Dkt. 33-1 at 9; Appx02008 ("The Amended Final Judgment (Dkt. No. 478), issued on August 22, 2022, dismissed without prejudice all claims and motions not previously ruled on, which would include the fee, sanction, and cost motions filed by

Blackhawk and Simon on or about April 1, 2022.").

The District Court disagreed with AlexSam, and its holding against AlexSam in that regard is not under review (not yet anyway). C.A. No. 25-1137 (March 3, 2025), Dkt. 43 at 3-4 (explaining that "AlexSam here seeks to challenge the district court's holding that the amended final judgment did not dismiss Blackhawk's and Simon's sanctions and fees motions," acknowledging "the district court's non-final order as to the sanctions and fees motions," and dismissing the appeal for lack of jurisdiction). AlexSam continues to oppose that holding, which may be reviewed in the future. The holding appears in the second order Simon appeals from (Appx0003-0009),[3] and while the District Court correctly decided in that order not to disturb the Amended Final Judgment to reinstate Simon's indemnity claims, it reached the opposite result with respect to AlexSam. It amended or corrected the Amended Final Judgment to reinstate Simon's and Blackhawk's fee and sanctions motions against AlexSam. Appx0006 ("[T]he Court agrees with Magistrate Judge Payne that Defendants' motions for sanctions, fees, and costs against AlexSam remain live."). AlexSam has a right to oppose that ruling against it, and all it has said about the Amended Final Judgment and this appeal by Simon supports that opposition.

Therefore, if this Court affirms the second order with respect to Simon, or if it disturbs the Amended Final Judgment as Simon requests, it should explain that the

[3] The Amended Final Judgment is the first.

affirmance or disturbance is limited to the second order's ruling against Simon only, not also against AlexSam. AlexSam has preserved its right and interest to continue to oppose the ruling against it, and this Court should so hold.

Dated: August 18, 2025

Respectfully submitted,

*/s/ Jacqueline K. Burt*

Jacqueline K. Burt
Heninger Garrison Davis LLC
2727 Paces Ferry Rd. SW, Suite 750
Atlanta, GA 30339
Email: jburt@hgdlawfirm.com
Phone: 404-996-0861

*Attorney for Plaintiff-Appellee AlexSam*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure Rule 27(d)(2)(A). According to Microsoft Word, the motion contains 1811 words, excluding parts of the motion exempted by Federal Rules of Appellate Procedure 27(d)(2) and 32(f).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This motion has been prepared using a plain style, 14-point, Times New Roman font, which is a proportionally spaced typeface.

*/s/ Jacqueline K. Burt*

Jacqueline K. Burt
Heninger Garrison Davis LLC
2727 Paces Ferry Rd. SW, Suite 750
Atlanta, GA 30339
Email: jburt@hgdlawfirm.com
Phone: 404-996-0861

*Attorney for Plaintiff-Appellee AlexSam*